IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

JERMAINE McKEEVER,

    Petitioner,

vs.

CIVIL ACTION NO.: CV213-169

UNITED STATES OF AMERICA,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Jermaine McKeever ("McKeever"), an inmate currently incarcerated at the Federal Satellite Low in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Motion to Dismiss McKeever's petition.[1] McKeever filed a Response. For the reasons which follow, Respondent's Motion should be **GRANTED**, and McKeever's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

McKeever pled guilty, in this Court, to distributing approximately 12 grams of cocaine hydrochloride, in violation of 21 U.S.C. § 841(a). The government dismissed the remaining counts of his indictment. He was sentenced to a total of 175 months'

---

[1] "Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004) (citations omitted). The proper respondent in the instant case is Suzanne R. Hastings, the Warden of the Federal Correctional Institution.

imprisonment. McKeever filed a direct appeal arguing that the court violated his Sixth Amendment rights by enhancing his sentence based on a quantity of drugs (the amounts attributable to the dismissed counts) not admitted by him or established beyond a reasonable doubt to a jury, in violation of United States v. Booker, 543 U.S. 220 (2005). The United States Court of Appeals for the Eleventh Circuit affirmed McKeever's sentence. United States v. McKeever, 149 F. App'x 921 (11th Cir. 2005). The United States Supreme Court denied McKeever's petition for writ of certiorari. McKeever v. United States, __ U.S. __, 126 S. Ct. 1117 (2006).

McKeever filed a motion, pursuant to 28 U.S.C. § 2255, in this Court, claiming that his indictment was legally insufficient, his counsel was ineffective, and that this Court failed to: verify that he read and discussed the presentence report; permit him to speak or present mitigating evidence; and sufficiently explain, on the record, an upward variance or departure under the 18 U.S.C. § 3553(a) factors. McKeever also claimed that the government represented to the Court that it would file a Rule 35 motion and failed to do so. McKeever's motion was dismissed as untimely. McKeever v. United States, No. CR604-010, 2007 WL 3231676 (S.D. Ga. Oct. 29, 2007). The Eleventh Circuit denied McKeever's motion for a certificate of appealability. (6:04-cr-00010, Doc. 288, S.D. Ga.). McKeever filed an unsuccessful motion for a reduced sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 706 and 711 to the Sentencing Guidelines. (6:04-cr-00010, Doc. 294; Doc. 313). The Eleventh Circuit affirmed this Court's denial. (6:04-cr-00010, Doc. 386). McKeever then filed two unsuccessful petitions for writ of mandamus and motions to compel concerning the government's

AO 72A
(Rev. 8/82)

representation that it would file a Rule 35 motion. (6:04-cr-00010, Doc. 403; Doc. 408; Doc. 412).

In the instant petition, McKeever seeks to invoke the savings clause in order to challenge the validity of his sentence. McKeever argues that this Court signaled a willingness to reduce his sentence but would not do so until the filing of the promised Rule 35 motion. McKeever claims the appellate court failed to address the probability that this Court rendered its sentence on the higher end, in anticipation of having to reduce it upon the Rule 35 motion. McKeever states that he filed this § 2241 petition to "finally address" the government's failure to fulfill its promise to file a Rule 35 motion. (Doc. 1, p. 4). McKeever also asserts that the Court's consideration of the 18 U.S.C. § 3553(a) factors were a violation of his right to due process, as these factors were not relevant to the offense to which he voluntarily pled guilty.

McKeever asserts that he is serving an unlawful sentence in light of the Supreme Court's decision in Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151 (2013), and that he can successfully invoke the savings clause based upon this decision. He asserts that his § 2241 petition is not a second or successive § 2255 motion, that a remedy was not available to him at the time of his previous filings, and that he has not previously asserted the arguments presented in this petition. McKeever argues that the parties involved in his sentencing were not "operating with all of the proper facts so that an accurate sentence could be calculated or pronounced." (Doc. 1, p. 7). He asserts that the parties operated under the mistaken assumption that he would receive a significant sentence reduction for his cooperation with the government, which adversely affected his constitutional rights. McKeever claims that his sentence

3

went beyond the proven facts or those admitted and should be considered obvious error under Booker. He requests that this Court resentence him with the totality of facts now before the Court, including his substantial cooperation with the government.

Respondent argues that Alleyne is inapplicable to McKeever's claims because McKeever's sentence was not the product of a statutory enhancement, as was the case in Alleyne, and his offenses carried no mandatory minimum sentence. Respondent argues that, even if all the parties to the plea agreement operated under the assumption that McKeever would receive a sentence reduction, such would not affect his statutory minimum or maximum penalties. Respondent further asserts that, even if Alleyne were applicable to McKeever's case, the decision established a procedural rule and is not retroactively applicable. Respondent contends that McKeever's claim also fails on the merits as the Court has previously ruled that the government did not improperly fail to file a Rule 35 motion.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Although a prisoner may not file a second or successive § 2255 motion without permission from the court of appeals, 28 U.S.C § 2255(h), a prisoner who is otherwise barred from filing a second or successive motion to vacate may challenge his custody in a § 2241 petition [invoking the savings clause] if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention,'

[as established in] 28 U.S.C. § 2255(e)." Taylor v. Warden, FCI Marianna, No. 13-13045, 2014 WL 803040, at *2 (11th Cir. Mar. 3, 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (citation omitted) (internal quotation marks omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that

5

squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

McKeever brought these same claims in his § 2255 motion, which was dismissed as untimely. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999), aff'd, 203 F.3d 839 (Table) (11th Cir. 1999); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000) ("limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention"). A one-year limitation period applies to § 2255 motions, which runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As already established by this Court, the judgment in McKeever's case "became final on January 9, 2006, when the Supreme Court denied his petition for writ of certiorari." McKeever, 2007 WL 3231676, at *1 (citation omitted). As McKeever has surpassed this time period and is not entitled to equitable tolling, he has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. See id. at *2. McKeever's failure to file a timely § 2255 motion or that such motion is now barred by the statute of limitations does not render § 2255's remedy inadequate or ineffective.

McKeever cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. McKeever is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. The savings clause "does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Id. For this reason, McKeever has not satisfied the requirements and is not entitled to invoke § 2255's savings clause.

In addition, McKeever does not rely upon a retroactively applicable Supreme Court decision. "The Alleyne Court's decision to overrule Harris [v. United States, 536 U.S. 545 (2002),] was based largely on its reading of its earlier opinion in Apprendi v. New Jersey, 530 U.S. 466 [ ] (2000)." United States v. Harris, 741 F.3d 1245, 1249 (11th Cir. 2014). The Eleventh Circuit "held that the Apprendi rule does not apply retroactively." Starks v. Warden, FCC Coleman-USP I, No. 12-15956, 2013 WL 6670797, at *3 (11th Cir. Dec. 19, 2013); see also Dohrmann v. United States, 442 F.3d 1279, 1282 (11th Cir. 2006) ("Apprendi does not apply retroactively in the context of a 28 U.S.C. § 2241 petition."); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001) (holding that Apprendi does not apply retroactively to claims raised in a § 2255 motion). Thus, "because it is based on the Apprendi rule, Alleyne's rule does not apply retroactively on collateral review." Chester v. Warden, No. 12-15119, 2014 WL 104150, at *4 (11th Cir. Jan. 13, 2014). The Eleventh Circuit, in considering Alleyne "for the purposes of [ ] direct appeal," stated that, "doing so is not intended to suggest that Alleyne applies retroactively to cases on collateral review. Alleyne was decided in the context of a direct appeal, and the Supreme Court itself has not expressly declared Alleyne to be retroactive on collateral review . . . [a]nd Alleyne has not been made

AO 72A
(Rev. 8/82)

retroactive through any combination of cases that necessarily dictate retroactivity." Harris, 741 F.3d at 1250 n.3 (citations omitted).

The decisions in Schriro v. Summerlin, 542 U.S. 348 (2004) and Bousley v. United States, 523 U.S. 614 (1998), upon which McKeever also relies, offer him no relief. The opinion in Schriro supports the determination that decisions based upon Apprendi are not retroactively applicable on collateral review. The Supreme Court held in Schriro that the decision in Ring v. Arizona, 536 U.S. 584 (2002)—a case also based upon the principle established in Apprendi—"announced a new procedural rule that does not apply retroactively to cases already final on direct review." 542 U.S. at 358. In Bousley, the Supreme Court "granted certiorari [ ] to resolve a split among the Circuits over the permissibility of post-Bailey [v. United States, 516 U.S. 137 (1995), *superseded by statute*, Gun Control Act of 1968, Pub. L. No. 105-386, 112 Stat. 3469] collateral attacks on [18 U.S.C.] § 924(c)(1) convictions obtained pursuant to guilty pleas." 523 U.S. at 618. The Court determined that "it would be inconsistent with the doctrinal underpinnings of habeas review to preclude petitioner from relying on our decision in Bailey in support of his claim that his guilty plea was constitutionally invalid." Id. at 621. This case is not applicable to McKeever's petition as he does not rely upon the decision in Bailey to attack a § 924(c)(1) conviction on collateral review.

Furthermore, the Eleventh Circuit held, "that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert v. United

AO 72A
(Rev. 8/82)

States, 640 F.3d 1290, 1323 (11th Cir. 2011). McKeever faced a statutory maximum of 240 months' imprisonment. His sentence does not exceed this maximum.

Because McKeever relies upon <u>Alleyne</u>, his claims are not based upon a retroactively applicable Supreme Court decision; thus, he does not fulfill the first condition to invoke the savings clause. McKeever fails to prove that his prior § 2255 motion was inadequate or ineffective to test the legality of his detention and his petition cannot proceed under § 2255(e). Therefore, the Court cannot rule on the merits of McKeever's § 2241 petition.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Respondent's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that McKeever's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 7th day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)